# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TEON BERRY,                    )
                                 )
                 Plaintiff,      )
                                 )
vs.                            )
                                 )     Case No. 23-cv-2451-DWD
CLAUDE OWIKOTI,           )
NATALIE GALEENE,          )
TERESA GLENDENNING,    )
JONATHON STALEY,         )
WARDEN OF ROBINSON,    )
                                 )
               Defendants.   )

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Teon Berry, a former[1] inmate of the Illinois Department of Corrections (IDOC), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleged that the Defendants prevented him from accessing timely medical care for a broken pinky and colostomy complications. Defendant Jonathan Staley filed a Motion for Summary Judgment (Doc. 38) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The other defendants withdrew this affirmative defense. (Doc. 35). Plaintiff sought and was granted multiple extensions

---

[1] At the time that Plaintiff filed this lawsuit, he was still incarcerated, so the exhaustion of administrative remedies issue still applies to this case. *See e.g., Figgs v. Geo Group, Inc.*, 2019 WL 7584297 at *8 (S.D. Ind. Dec. 12, 2019) (explaining that the Seventh Circuit assesses the applicability of the PLRA based on plaintiff's carceral status at the time the complaint is filed, and concluding that an inmate who was incarcerated when he filed, but was later released, was still subject to the PLRA's exhaustion requirement).

of time to respond, but ultimately he never filed a response. (Docs. 44-47). For reasons explained in this Order, the Defendant Staley's Motion is granted, and the claim against him is dismissed without prejudice.

BACKGROUND

Plaintiff filed this lawsuit on July 14, 2023. (Doc. 1). Upon initial review, the Court allowed a single claim to proceed:

Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Dr. Claude, Nurse Carie[2], Nurse Glendenning, and Sgt. Staley.

(Doc. 10). The claim against Sgt. Staley is premised on Plaintiff's allegation that on April 28, 2023, when he visited the healthcare unit to replace a broken colostomy bag, Staley intercepted him, threatened to pepper spray him, and insisted he did not have authorization to be there. (Doc. 1 at 28-29).

The parties undertook discovery on the exhaustion of administrative remedies, and in doing so Defendant Staley identified a single grievance relevant to the allegations against him. Staley argues the grievance is insufficient for exhaustion purposes because it was adjudicated by the Administrative Review Board (ARB) in September of 2023, months after this lawsuit was filed. (Doc. 39).

FINDINGS OF FACT

On May 8, 2023, Plaintiff submitted a grievance about his interaction with Defendant Staley. (Doc. 39-2 at 4). The contents of the grievance clearly and

---

[2] The waiver of service transmitted to "Nurse Carie" (Doc. 12) was returned executed by "Natalie Galeene" (Doc. 15). In Galeene's Answer (Doc. 28), she indicated that she was improperly identified as Nurse Carie.

unequivocally detail his encounter with Staley at the healthcare unit on April 28, 2023.
(Doc. 39-2 at 4-7).   The counselor responded on May 22, 2023, (Doc. 39-2 at 4), the
grievance officer and Chief Administrative Officer responded on May 31 and June 9, 2023,
(Doc. 39-2 at 3), and the ARB found on September 6, 2023, that the grievance had been
appropriately addressed by the facility and that no staff misconduct was substantiated.
(Doc. 39-2 at 2).

CONCLUSIONS OF LAW

A.  Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact
and the movant is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(a).   In
determining a summary judgment motion, the Court views the facts in the light most
favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex
Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).
Courts generally cannot resolve factual disputes on a motion for summary judgment.  *See
Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is
not to weigh the evidence and determine the truth of the matter but to determine whether
there is a genuine issue for trial.") (internal quotation marks and citation omitted).
However, when the motion for summary judgment pertains to a prisoner's failure to
exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an
evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to
exhaust.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).  After hearing evidence, finding
facts, and determining credibility, the court must decide whether to allow the claim to

proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g.*, *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance. *Id.* If a grievance concerns protective custody, a plaintiff is allowed to file that grievance directly with the ARB. 20 ILL. ADMIN. CODE § 504.870(a)(1)

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.* If an inmate is appealing a grievance that the CAO determined to be of an emergency nature, then the ARB shall expedite processing of the appeal. 20 ILL. ADMIN. CODE § 504.850(f).

B. Analysis

It is undisputed that Plaintiff only filed one grievance relevant to his allegations against Defendant Staley. That grievance was filed on April 28, 2023, and was not returned by the ARB until September 6, 2023. (Doc. 39-2 at 2). Meanwhile, Plaintiff initiated this lawsuit in July of 2023. (Doc. 1). The timing matters because a sue first exhaust later approach is not acceptable under controlling precedent. "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2005). Under the *Chambers* rationale, Plaintiff's filing of this lawsuit was premature. Plaintiff has not put forth any evidence to contradict this finding.

Based on the foregoing analysis, the Court finds that Defendant Staley has met his burden to establish that Plaintiff failed to exhaust available administrative remedies because he filed this lawsuit in July of 2023, but did not get a grievance response from the ARB until September of 2023. Plaintiff's allegations against Defendant Staley are dismissed without prejudice for the failure to exhaust administrative remedies.

### WARDEN OF ROBINSON

The Warden of Robinson was originally added to this case in his or her official capacity only, solely for the purpose of implementing any future injunctive relief. (Doc. 8). In light of Plaintiff's release (Doc. 48, Plaintiff's change of address), no injunctive relief for his medical needs is available, so the Warden will now be **TERMINATED**.

### DISPOSITION

Defendant Staley's Motion for Summary Judgment on the issue of exhaustion (Doc. 38) is **GRANTED**. Defendant Staley's Motion for an Extension (Doc. 37) to file his motion for summary judgment is **GRANTED** instanter. Plaintiff's claim against Defendant Staley is **DISMISSED** without prejudice for failure to exhaust. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Staley immediately. The Clerk of Court is **DIRECTED** to enter judgment in Defendant Staley's favor and to close this case.

The Clerk of Court is **DIRECTED** to **TERMINATE** the Warden of Robinson because no injunctive relief is available now that Plaintiff has been released.

The remaining Defendants withdrew the affirmative defense of failure to exhaust administrative remedies (Doc. 35), so this case will now proceed to merits discovery. A discovery schedule will be set by separate order.

**IT IS SO ORDERED.**

Dated: August 22, 2024

_s/ David W. Dugan_
DAVID W. DUGAN
United States District Judge